**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| TINA ZEOLLA, KERSTIN KELLOGG, ASHLEY WRIGHT, and CRYSTAL LOFTUS, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>SOUTHERN NEW HAMPSHIRE UNIVERSITY,<br><br>*Defendant*. | Case No. 1:25-cv-00541-TSM<br><br>Hon. Joseph N. Laplante |

**PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER**

## I. INTRODUCTION

Plaintiffs Tina Zeolla, Kerstin Kellogg, Ashley Wright, and Crystal Loftus ("Plaintiffs") bring the above-captioned matter (the "Action") in response to the unauthorized disclosures of protected student records made by Defendant Southern New Hampshire University ("SNHU" or "Defendant" and together with Plaintiffs, the "Parties) through use of online surveillance software (the "Tracking Tools"). On March 25, 2026, the Parties submitted a Joint Motion to Set Briefing and Discovery Schedule wherein they represented in-party that they had "agreed to refrain from lodging discovery requests" but would "engage in discussions on preservation." *See* ECF No. 27. Pursuant to this agreement, the undersigned ("Plaintiffs' Counsel") met with counsel for SNHU ("Defendant's Counsel") and obtained SNHU's consent to serve subpoenas on Meta Platforms, Inc. ("Facebook" or "Meta"), Google LLC ("Google"), Snap Inc. ("Snapchat"), and TikTok Ltd. ("TikTok", and together with Meta, Google and Snapchat, the "Tracking Tool Providers") for the sole purpose of ensuring the preservation of relevant third-party evidence. Plaintiffs subsequently issued preservation subpoenas to the Tracking Tool Providers, some of whom refused to commit to preserving relevant evidence, construing the Parties' Joint Motion to Set Briefing and Discovery Schedule as setting a mandatory stay of all discovery, including third-party preservation subpoenas. While Plaintiffs disagree with this reading, they nonetheless file this motion requesting that the Court amend the operative scheduling order to explicitly allow issuance of subpoenas to the Tracking Tool Providers to (1) inform them of the categories of information in their possession relevant to the Action, and (2) require that they preserve such information through the pendency of the Action.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. PROCEDURAL POSTURE

In their Consolidated Class Action Complaint, Plaintiffs allege that SNHU disclosed the private, FERPA-protected information (the "Sensitive Information") belonging to Plaintiffs and other students to unauthorized third parties through the integration of Tracking Tools on its web properties. *See* ECF No. 28 (the "Complaint" or "CCAC") ¶¶ 7-12. The CCAC specifically identifies the Tracking Tool Providers as entities who received Plaintiff's Sensitive Information. *Id.* ¶ 7. Plaintiffs allege that SNHU's unauthorized disclosures of their Sensitive Information violate numerous statutory and common law protections. *Id.* ¶ 15.

On March 25, 2026, the Parties submitted a Joint Motion to Set Briefing and Discovery Schedule which stated in relevant part that:

> The Parties have also agreed to refrain from lodging discovery requests, including requests for production, interrogatories, and requests for admission, until the Court's ruling on Defendant's Motion to Dismiss, after which, if necessary, the Parties will negotiate and jointly propose a schedule for discovery. The Parties have agreed that, in the interim, they will (1) engage in discussions on preservation; (2) engage in discussions on the identification of potential custodians; and (3) negotiate and finalize a Stipulated Protective Order and ESI Protocol. The Parties respectfully submit that the proposed schedule will allow for thorough and efficient briefing and conserve judicial and party resources.

ECF No. 27 (the "Joint Discovery Motion") ¶ 7. The Court granted the Parties' Joint Discovery Motion on March 25, 2026. *See* Court Order (March 25, 2026). Defendant's Motion to Dismiss is currently set for hearing on October 20, 2026. *See* ECF No. 31; Court Order (Aug. 24, 2025).

### B. PLAINTIFFS' THIRD-PARTY PRESERVATION SUBPOENA

Pursuant to the Parties' representations to the Court that they would engage on issues of preservation, Plaintiffs' Counsel met with SNHU's Counsel by teleconference on April 27, 2026, and obtained SNHU's consent to the service of subpoenas on the Tracking Tool Providers for the

purpose of securing preservation of relevant records in the Tracking Tool Providers' possession.[1] Plaintiffs subsequently served preservation subpoenas on Meta on May 1, 2019, and on SnapChat and TikTok on May 19, 2026. *Id.* ¶¶ 6-7. Each preservation subpoena made clear that it was propounded only for preservation purposes and that no response was required prior to the commencement of formal discovery, stating:

> Plaintiffs are serving these Requests to ensure the documents and data described herein are adequately preserved. These Requests are to be answered, separately and fully, in writing and under oath, once discovery opens for all purposes.

*Id.* ¶ 8. Thereafter, Plaintiffs' Counsel engaged in extensive discussion with counsel for the Tracking Tool Providers regarding the subpoenas, including the correspondence summarized below:

*SnapChat.* Plaintiffs served a preservation subpoena on SnapChat on May 19, 2026. Fiorilla Decl. ¶ 6. SnapChat responded on June 3, 2026 with responses and objections but did not state whether it would preserve relevant materials. *Id.* ¶ 10. After Plaintiffs sought confirmation that it would preserve any case-related records, SnapChat stated on June 16, 2026 that it had not and would not suspend regular data retention/deletion policies for preservation purposes unless Plaintiffs provided legal "authority" supporting such an obligation. *Id.* In response, Plaintiffs' Counsel provided authority to SnapChat standing for the proposition that receipt of a third-party subpoena imputes a preservation duty. *Id.* ¶ 11. Even in light of this authority, SnapChat still efuses to agree to the preservation of litigation-related records, arguing that any subpoena is invalid due to the supposed "discovery stay" implied by the Parties' Joint Discovery Motion. *Id.* ¶ 12.

[1] *See* Declaration of Amanda Fiorilla in Support of Plaintiffs' Motion to Modify Scheduling Order (the "Fiorilla Decl.), filed contemporaneously, at ¶ 4.

SnapChat also refused to meet and confer, stating an exchange of mere emails was sufficient to address its objections to the subpoena. *Id*.

*TikTok.* Plaintiffs served a preservation subpoena on TikTok on May 19, 2026. Fiorilla Decl. ¶ 7. TikTok responded via a letter sent on June 25, 2026 wherein it argued that the preservation subpoena was invalid, chiefly relying on its interpretation that the Court's March 25, 2026 Order granting the Parties' Joint Discovery Motion imposed a universal discovery stay that precludes the issuance of third-party subpoenas, even where served solely for the purpose of preservation. *Id*. ¶ 14. Plaintiffs subsequently engaged in extensive email correspondence with TikTok, and additionally met and conferred with TikTok through counsel on July 7, 2026. ¶ 15. On July 29, 2026, Plaintiffs further provided TikTok with substantial case law supporting the issuance of preservation subpoena. *Id*. TikTok has not responded to Plaintiffs since. *Id*.

Plaintiffs disagree with SnapChat and TikTok's assertions that a complete discovery stay has been entered by the Court. Although the Parties' Joint Discovery Motion informed the Court of the Parties' mutual agreement to refrain from lodging discovery requests during the pendency of Defendant's Motion to Dismiss, the Parties did not request a formal discovery stay be entered, nor did the Court enter any such stay *sua sponte*. *See* ECF No. 27; Court Order (March 25, 2026). Nonetheless, to expediently resolve this dispute and secure the preservation of crucial third-party records, Plaintiffs respectfully the Court modify the operative scheduling order as to explicitly allow Plaintiffs to propound third party subpoenas for the reasons set forth herein.

## III. <u>LEGAL STANDARD</u>

A scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In the decisional calculus [of Rule 16(b)(4)], the moving party's diligence or lack of diligence serves as the 'dominant criterion.'" *Miceli v. JetBlue Airways Corp.*, 914 F.3d 73, 86 (1st Cir. 2019). "In addition, the court should consider factors such as the history of the

litigation, the proponent's need for the discovery, the justification (if any) for a late request, and the opponent's ability to overcome its adverse effects." *Tavares v. Enter. Rent-A-Car Co.*, 2015 U.S. Dist. LEXIS 122401, at *30 (D.R.I. Jan. 16, 2015).

## IV. GOOD CAUSE SUPPORTS MODIFICATION OF THE SCHEDULING ORDER

### A. IN THE ABSENCE OF A COURT ORDER, NECESSARY EVIDENCE IS AT RISK OF DELETION.

Courts routinely find it "necessary to issue a preservation subpoena to a non-party when the non-party does not have actual notice of the litigation or when the non-party is a corporate entity which typically destroys electronic information by performing routine backup procedures," even where a statutory provision generally bars discovery. *Koncelik v. Savient Pharm., Inc.*, 2009 U.S. Dist. LEXIS 73607, at *5-6 (S.D.N.Y. Aug. 6, 2009) (within context of 15 U.S.C. § 78u-4(b)(3)(B) mandatory discovery stay); *see also In re Tyco Int'l, Ltd. Sec. Litig.*, 2000 U.S. Dist. LEXIS 11659 (D.N.H. 2000) (similar). Indeed, securing preservation of third-party evidence is "all the more pressing" because "the entities that have the information Plaintiffs need are not parties and thus have no duty to preserve absent a court order." *Bright Sols. for Dyslexia, Inc. v. Doe*, 2015 U.S. Dist. LEXIS 117252, at *8 (N.D. Cal. Sep. 1, 2015); *see also In re Smith Barney Transfer Agent Litig.*, 2012 U.S. Dist. LEXIS 58070, at *3 (S.D.N.Y. Apr. 25, 2012) (allowing plaintiffs to serve a preservation subpoena on non-party to "preserve relevant information" because "status as a non-party significantly increases the risk that evidence may be lost").

Here, Plaintiffs' claims are fully centered on the disclosure of Sensitive Information to the Tracking Tool Providers by SNHU. Records held by the Tracking Tool Providers showing the categories of information transmitted by SNHU, and whose data the Tacking Tool Providers received, are thus indispensable evidence for Plaintiffs' claims. *See, e.g., Jancik v. WebMD LLC*, 2025 U.S. Dist. LEXIS 30054, at *19 (N.D. Ga. Feb. 20, 2025) (finding in similar Tracking Tool

case that a subpoena to Meta would be necessary for determination of class size). As Plaintiffs' Counsel's correspondence with SnapChat and TikTok demonstrates, this invaluable third-party evidence is at risk of deletion if the Court denies the instant motion. To date, SnapChat has refused to acknowledge that Plaintiffs' "so-called 'preservation-only' subpoena has any legal effect," representing instead that it will not protect any relevant records in its possession beyond the mandates of its internal retention policy. Fiorilla Decl. ¶ 12. Similarly, TikTok's stated position is that Plaintiffs' preservation subpoena is "squarely foreclosed" by the Court's March 25, 2026 Order granting the Parties' Joint Discovery Motion, and that Plaintiffs have no inherent authority to issue a subpoena for preservation purposes in any instance. *Id.* ¶ 14. In the absence of a preservation obligation, relevant records will be deleted pursuant to SnapChat and TikTok's retention protocols. Indeed, SnapChat publicly represents that "Snap has short retention periods for most data we collect."[2] Likewise, TikTok only retains "[Tracking Tool] Event Data for a maximum of 18 months"—a period that already excludes some of the time during which Plaintiffs were enrolled as SNHU students.[3] Good cause thus supports modifying the scheduling order to ensure preservation of third-party records held by the Tracking Tool Providers that would otherwise be deleted pursuant to their default retention policies.

### B. PLAINTIFFS HAVE ACTED DILIGENTLY IN SEEKING AMENDMENT OF THE SCHEDULING ORDER

"The Rule 16(b)(4) good cause standard requires the moving party to show that he has acted diligently." *Mudge v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 71868, at *9 (D.N.H. 2014). This requirement is met; Plaintiffs have diligently acted to preserve the third-party evidence held

[2] *Frequently Asked Questions – How long will Snapchat keep or retain my data?*, SNAP INC., https://help.snapchat.com/hc/en-us/articles/7012357237396-Frequently-Asked-Privacy-Questions#RetainData (last accessed Aug. 21, 2026).
[3] *TikTok Business Products (Data) Terms*, TIKTOK LTD., https://ads.tiktok.com/i18n/official/policy/business-products-terms (last accessed Aug. 21, 2026).

by the Tracking Tool Providers. Shortly after the Parties filed their Joint Discovery Motion, Plaintiffs worked to identify the categories of relevant information likely possessed by third parties, draft subpoenas to secure preservation of that information, and schedule a call with SNHU's Counsel to obtain consent to serve those subpoenas. Fiorilla Decl. ¶¶ 4-9. After doing so, Plaintiffs continued to act diligently through engaging in extended discussions with the Tracking Tool Providers regarding their preservation obligations and the specific categories of information at-issue in the Action. *Id*. ¶¶ 10-15. When it became clear that the Tracking Tool Providers would not commit to preservation of relevant documents based on their interpretation of the scheduling order, Plaintiffs promptly filed the instant motion.

Unlike in the scenarios considered by the vast majority of rulings denying leave to amend under Rule 16(b)(4), Plaintiffs do not seek to propound discovery or amend the complaint after the expiration of a Court-established deadline.[4] To the contrary, discovery has not even begun. *See United States ex rel. D'Agostino v. EV3, Inc*., 802 F.3d 188, 194 (1st Cir. 2015) (finding denial of request to file amended complaint under Rule 16(b)(4) erroneous where the scheduling order did not "impose any deadlines for the filing of amended pleadings" and therefore "moving to amend did not show any disrespect for court orders"). Plaintiffs have thus acted diligently by proactively working to ensure that relevant evidence remains available through the commencement of the discovery process, including through filing the instant motion.

---

[4] *See, e.g., Hebert v. Donahue*, 167 F.4th 1, 9 (1st Cir. 2026) (affirming denial of request to modify scheduling order to issue discovery request months after close of discovery); *Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013) (same); *Snyder v. Collura*, 812 F.3d 46, 52 (1st Cir. 2016) (same as to request to file amended complaint after deadline for amendment of the pleadings).

### C. THE TRACKING TOOL PROVIDERS WILL NOT BE PREJUDICED BY THE RELIEF REQUESTED BY PLAINTIFFS

The Tracking Tool Providers will suffer no prejudice from grant of the instant motion because the "non-parties will not be required at this time to collect, review, and produce anything. Rather, their only obligation will be to preserve evidence, so that it is not forever lost before discovery even commences." *Tesla, Inc. v. Tripp*, 2018 U.S. Dist. LEXIS 108911, at *6 (D. Nev. June 27, 2018). In contrast, Plaintiffs would suffer severe prejudice if this motion were to be denied. As explained above, the Tracking Tool Providers' publicly available retention policies already require deletion of relevant data relating to Plaintiffs' interactions with SNHU's web properties. Thus, unless Plaintiffs can obtain the Tracking Tool Providers' assent to preservation—a commitment that TikTok and SnapChat have explicitly refused to give based on their interpretation of the current scheduling order—relevant evidence will continue to be deleted.

## V. SNHU'S POSITION

Because Plaintiffs purport to seek information that is within the possession, custody, or control of third parties, rather than SNHU, SNHU takes no position with respect to Plaintiffs' motion, the relief sought therein, or Plaintiffs' dispute with third parties. SNHU has meticulously complied with its preservation obligations and Plaintiffs have not suggested otherwise. SNHU disagrees with the factual characterizations in Plaintiffs' motion and is prepared to describe those disagreements in a separate submission if the Court wishes. Finally, SNHU notes that the third parties at issue may dispute Plaintiffs' characterization of the meet-and-confer processes and may wish for an opportunity to be heard before the Court resolves Plaintiffs' motion.

## VI. CONCLUSION

For the aforementioned reasons, Plaintiffs respectfully request that the Court modify the Scheduling Order to explicitly allow issuance of preservation subpoenas to the Tracking Tool

Providers—Meta Platforms, Inc., Google LLC, Snap Inc. and TikTok Ltd.—that (1) inform them of the categories of information in their possession relevant to the Action, and (2) require that they preserve such information through the pendency of the Action.[5]Dated: September 9, 2026.

Dated: September 9, 2026

Respectfully submitted,

/s/Sonjay C. Singh
Sonjay C. Singh*
**SIRI & GLIMSTAD LLP**
400 East Pratt Street
8th Floor - #16946751
Baltimore, MD 21202
Tel: (212) 532-1091
E: *ssingh@sirillp.com*

Tyler Bean*
**SIRI & GLIMSTAD LLP**
101 Park Avenue
Suite 1300 - #16982799
Oklahoma City, OK 73102
Tel: (212) 532-1091
E: *tbean@sirillp.com*

Zane A. Johnson*
**SIRI & GLIMSTAD LLP**
100 Pearl Street
14th Floor - # 16946876
Hartford, CT 06103
Tel: (772) 783-8436
E: *zjohnson@sirillp.com*

****Additional Counsel on Following Page****

[5] Plaintiffs are not in a position to opine on whether these records are or not in SNHU's possession or control. That Plaintiffs have not sought to compel preservation through SNHU should not be construed as a waiver or concession on whether SNHU has complied with its preservation obligations.

Christian Levis*
Amanda Fiorilla*
Rachel Kesten*
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
E: *clevis@lowey.com*
E: *afiorilla@lowey.com*
E: *rkesten@lowey.com*

Adam H. Weintraub (# 275047)
**WEINTRAUB LAW, LLC**
170 Commerce Way, Suite 200
Portsmouth, New Hampshire 02801
Tel: (603) 212-17895
Fax: (504) 708-4512
E: *aweintraub@ahwfirm.com*

Robert S. Carey, Esq. (NH Bar #11815)
**ORR & RENO, PA**
45 South Main Street
PO Box 3550
Concord, NH 03302
Tel : 603-224-2381
E: *rcarey@orr-reno.com*

**pro hac vice admission granted or anticipated*

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2026, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing and effectuate service to all counsel of record in this matter.

/s/ *Sonjay C. Singh*
Sonjay C. Singh*